# SALMON ♦ RICCHEZZA ♦ SINGER & TURCHI LLP

KRISHNA B. NARINE
Tel.: 215-606-6600
Direct: 215-279-9706
Fax: 215-606-6601
knarlne@srstlaw.com

www.srstlaw.com

1601 MARKET STREET
SUITE 2500
PHILADELPHIA, PA 19103

TOWER COMMONS 123 EGG HARBOR ROAD
SUITE 406 SEWELL, NJ 08080
Tel:  856-354-8074
Fax: 856-354-8075

June 8, 2021

**Via ECF**
Hon. Diane Gujarati
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

  **Re:** *Aravind Bharadwaj v. NYC Green Transportation Group, LLC and NuRide Transportation Group, LLC,* **Case No. 1:21-cv-01520-DG-JLC**

Dear Judge Gujarati:

  We represent Plaintiff Aravind Bharadwaj.  This letter responds to Defendants NYC Green Transportation Group, LLC ("NYC Green") and NuRide Transportation Group, LLC's ("NuRide") (collectively, "Defendants") request for a pre-motion conference with the Court to allow Defendants to file a motion to dismiss Bharadwaj's Complaint (ECF No. 1) under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

  Bharadwaj's complaint is before the Court under diversity jurisdiction pursuant to 28 USC §1332(a)(2) as he is a resident alien domiciled in California.[1]  Bharadwaj alleged claims of breach of contract and breach of fiduciary duty against NYC Green and NuRide, respectively. While Bharadwaj is a member of NYC Green, he is not a member of NuRide.

  With respect to NYC Green, Bharadwaj is an EB-5 Interest Holder which means that his capital contribution was made as a qualifying investment under the EB-5 Immigrant Investor Program.  *See* Exhibit C to the Complaint (ECF No. 01-7) at C-3.  As an EB-5 Interest Holder, Bharadwaj has no authority with respect to the operation and management of NYC Green and no claim to any of its revenues.  *Id.* at Art. 4 and Art. 5.  Instead, he is only entitled to the return of

---

[1] On June 5, 2021, Mr. Bharadwaj was issued a green card thus making him a permanent resident alien. It is well settled that residence and possession of a green card are irrelevant in the determination of diversity jurisdiction. *e.g. Musica Latina Intl., Inc. v. Blades* 1984 U.S. Dist. LEXIS 16539, 1984 WL 336 (S.D.N.Y. 1984)

{00410105.DOCX}

that capital contribution if his EB-5 application for permanent resident status is denied, as it was in this case.

Bharadwaj is not a member of NuRide. As such, provided there is no member of NuRide who does not have United States citizenship, the Court must exercise diversity jurisdiction over the claims against NuRide. *See Zhai v. Hongjie Zhang* 2018 U.S. Dist. LEXIS 236274 (C.D.Cal. 2018). Should the Court have diversity jurisdiction over the claim against NuRide, the Court may exercise supplemental jurisdiction over the claim against NYC Green under 28 U.S.C. §1367. Both claims arise from a common nucleus of facts and the circumstances set forth in 28 U.S.C. §1367(c) pursuant to which a District Court may decline supplemental jurisdiction do not exist here.[2]

Hence, Bharadwaj may be able to amend his complaint to allege the existence of diversity and supplemental jurisdiction. Whether this Court's jurisdiction exists will depend on the status of the members of the Defendants. In order to be able to allege diversity and supplemental jurisdiction, Bharadwaj should be allowed to conduct limited jurisdictional discovery as to the identities of the members of NuRide and NYC Green. In this instance, limited jurisdictional discovery will promote efficiency by providing Bharadwaj an opportunity to determine the proper forum for his lawsuit.

Therefore, Plaintiff respectfully requests that the Court grant leave for limited jurisdictional discovery and pending the results of such discovery, the opportunity to amend the complaint prior to a pre-motion conference or the filing of a motion to dismiss.

Very truly yours,

SALMON, RICCHEZZA, SINGER & TURCHI LLP


/s/ Krishna B. Narine
Krishna B. Narine

---

[2] 29 U.S.C. §1367(c) states: The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if - (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

{00410105.DOCX}